NEW YORK, P. & N. R. CO. v. CHESAPEAKE & O. RY. CO. (Circuit Court of Appeals, Fourth Circuit. December 13, 1911.) No. 1,053. Appeal from the District Court of the United States for the Eastern District of Virginia, at Norfolk. For opinion below, see 190 Fed. 641. Thomas H. Willcox and Floyd Hughes, for appellant. Hughes & Little, Williams & Tunstall, Oast. Thorp & Thorp, and Henry Bowden, for appellee.

PER CURIAM. Appeal dismissed, on motion of appellant.

SOUTHERN RY. CO. v. UNITED STATES. (Circuit Court of Appeals, Fourth Circuit. December 20, 1911.) No. 1,085. In Error to the Circuit Court of the United States for the District of South Carolina, at Greenville. For opinion below, see 187 Fed. 209. Cothran, Dean & Cothran, for plaintiff in error. Ernest F. Cochran, U. S. Atty.

PER CURIAM. Judgment of Circuit Court reversed, and cause remanded, with directions to set aside the verdict, and for such further action as may be proper, under the authority of the Supreme Court of the United States in the case of the United States, Plaintiff in Error, v. Baltimore & Ohio & Southwestern Railway Company, Defendant in Error, 222 U. S. 8, 32 Sup. Ct. 6, 56 L. Ed. ——. Letters of counsel filed.

VICTOR TALKING MACH. CO. v. AMERICAN GRAPHOPHONE CO. et al. (Circuit Court of Appeals, Second Circuit. February 6, 1912.) No. 145. Appeal from the Circuit Court of the United States for the Southern District of New York. Horace Pettit, for appellant. Before LACOMBE, COXE, and NOYES, Circuit Judges.

PER CURIAM. It now appears that the complainant, since the entry of the decree appealed from, has made an agreement with the defendants waiving all past damages and profits and granting a license for the future. Everything is settled except the demand for injunctive relief, and that is modified by the provision that although the complainant may, if it elect, prosecute this appeal, "each paying its own costs," still if it be successful it must grant a license without further consideration. In view of the provisions of this agreement, and notwithstanding the contentions of the complainant respecting the limitations to be attached to the license, we are not satisfied that any such case of continuing or threatened infringement is presented as to call for the intervention of a court of equity by writ of injunction. The decree is affirmed, without costs, and without passing upon the validity of the patent.